The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Stigman presiding. Thank you, Mr. Bailiff. Our next case this afternoon is number 4-24-0689, people of the State of Illinois v. Samuel L. Skinner. I'd like counsel for the appellant. Please state your name for the record. James Waller with the Appellate Defender's Office. Mr. Waller, it's just a touch hard to hear you. Could you turn up your volume a little so we'll be able to hear you better? Yes, let me see what I can do here. I'm happy to just raise my voice a little bit, too, if that helps at all. Okay, well, that would be fine. Thank you, sir. Yes, sir. Counsel for the appellee. David Manchin with the ILSEP. Thank you, counsel. The parties will be allowed 20 minutes each for oral arguments, and then the appellant will be given a five-minute rebuttal. With that, Mr. Waller, you may proceed on behalf of the appellant. Thank you, Your Honor. May it please the court, counsel? My name is James Waller. It is my pleasure to represent Samuel Skinner before you today. We're asking this court to vacate Samuel's sentence and either remand the case for resentencing before a new judge or to reduce the sentence outright. The trial court violated Samuel's due process rights and sentencing by relying on factors that were attained via improper judicial notice of disputed allegations and pure speculations, which were outside of the record, incapable of being challenged at the hearing or subjected to appellate review. I'll first address why this issue is not waived or forfeited, contrary to the state's assertions. Then I will talk about why the issue is reversible, even under plain error, if necessary. Finally, I will show why the state's harmless error argument fails and why either remand or reduced sentence must happen. Counsel, let me cut to the chase and ask you some questions that I'd like you to address. You'll be playing this case. I'm sorry, Your Honor. We can't hear you. How about now? Testing 1, 2, 3. Can you hear me? Mr. Waller, I'll try to keep my voice up, too. You'll be able to hear me. The guilty plea in this case occurred in May of 2021, did it not? I'm sure that that's correct. Well, as part of the plea agreement, if I understand correctly, and if I have any of called the 2016 case and the 2019 case, and the agreement was that the state would drop all of the charges in the 2019 case, and the defendant would plead guilty to the 2016 case, subject to sentencing as a class X offender, and that was the agreement, was it not? Yes, sir. Yes, Your Honor. All right. Now, after the defendant pleaded guilty to the 2016 case, was his conduct in the 2019 case admissible? Well, when you say conduct, it depends on what nature of the evidence is introduced. What he did. Could the state bring out what he did regarding the activities in the 2019 case? In the proper form, of course. I'm taking this step by step. In the proper form, it would be admissible. And your contention is, what happened here wasn't the proper form? That's correct, Your Honor. Okay. Would it have been admissible at the sentencing hearing, if for the state to have called all the witnesses, police and everyone else, who would testify as to the defendant's criminal behavior in 2016, and we got a preview of that at that unusual bond hearing, where there was a lot of testimony and proffers. Would it have been admissible for the state to have called all the witnesses who could testify about what the defendant did at the 2016 case? Sure. Barring any unforeseen variable. Yes, Your Honor. Okay. So, I suppose my question is this. How would it be advantageous at the defendant's sentencing hearing for the defendant to have the state present all of that live testimony, and at some length, I guess, it was quite a bit involved there, and demonstrate, to not put too fine a touch on it, what a miserable wretch he was in 2016, his criminal conduct, as opposed to merely stipulating, Judge, we're not going to put it out again, you heard it, you may consider it. Why was the first, would that be preferable from a strategic point of view for the defendant? Well, first of all, Your Honor, I need to take a point of order contention with the court's phrasing. The prosecution could come in and demonstrate facts, but they can't come in and prove that he's a miserable wretch. That has nothing to do with any of the argument on it. Well, that's my inference, that someone does all of that, it's a miserable wretch. I'm sorry, respectfully, Your Honor, the mistake the court made here was jumping to speculations and these type of inferences under judicial notice, which the court can't do. The prosecution made a strategic tactical decision here to bring in evidence under judicial notice. They can only do certain things. Defense counsel made an implicit, ambiguous, wishy-washy, yes, we talked about how the state could produce live witnesses about these things. That's it. The court's error, which I will speak about at length, the court's error was taking disputed allegations as proven facts under judicial notice, which is not allowed. Two things. Everyone talked about judicial notice, but that's clearly not what they were talking about. They were talking about the court taking cognizance. You're right, judicial notice is that March 5, 2025 is a Wednesday and so on. I mean, that's judicial notice of indisputed facts. We're not talking about indisputed facts by definition. There could have been a lot of dispute over what the defendant did in that case and he could have disputed himself. What we're talking about is the court accepting without having to hear again the testimony presented at those earlier hearings and at the Harris trial. What's the problem with that? Your Honor, the problem is we can't come in at the appellate level and say that even though everybody at the trial court said the court's acknowledging this under judicial notice and say that didn't happen. We can't say the court can take a cognizance of it. If the court wants to, this is what commonly happens. We've all seen this many times. Prosecution says, Your Honor, we'd like the court to take judicial notice that he's been charged in Champaign County with these following offenses. The court says, I'll take that into consideration. I will acknowledge that. There's been no guilty finding of it, so I'll limit it to what it's worth. That happens all of the time. That would be appropriate judicial notice. What the court did in this case was take judicial notice of these allegations as though they were established facts like the distance between Bloomington and Springfield and the court took judicial knowledge of its own speculations. What if we disagree and I don't see how it could be accepted that this was judicial notice as opposed to these people were just misspeaking. That's not what they were asking to do. They're asking the court to consider the evidence that had been presented. Let's assume for the moment that the prosecutor said we're asking the court to consider the evidence presented in these hearings. Would that be error? I'm sorry, if the court said, I'm sorry, if the prosecutor said... Instead of using this term, take judicial notice. Right. What if the state had asked and the defense counsel had agreed that we ask the court to consider the evidence presented at the Harris trial and at the bond hearing. Would that be error? I would need to know exactly. I'm sorry, I would need to know exactly. I mean, if that was the exact wording and defense counsel agreed to it, I would have a different argument here. I would have a weaker argument. Well, what are you doing with your head? I would like the opportunity, your honor. I would like the opportunity. If we're going to assume that this case happened differently, then I would like the opportunity to brief that case because that's not what happened here. Well, I can't just go back to my hypothetical. Give me your best argument on how any error would have been committed had the state asked the court with the agreement of defense counsel to consider the evidence presented at this bond hearing at the Harris trial. To consider the evidence at the bond hearing at the Harris trial? Bond hearing and the Harris trial as well. Oh, separately. Okay. If the prosecutor asked the court to not take judicial notice, but to remember...  Yeah, to review the evidence presented at the bond hearing and Harris's trial. I think that would be fine as long as the court doesn't do two things. Doesn't take the speculations about why the jury acquitted, speculations about why the process... Why does that matter? Why does it matter or affect your client that the court mused about why Harris was acquitted? Because all the court can do is recognize that these allegations were made. Okay, so that doesn't answer my question. My question is, why does it matter that the court mused about why Harris was acquitted? Because, first of all, it weighed into the court's decision making. Second of all, because the client has a due process right to confront and challenge the evidence that's used against him in aggravation. It's a constitutional right. We don't just put our thumb over it and smear it and say it wasn't judicial notice, it was just cognizance. And it's okay. Judicial notice, I mean, first of all, I think we have to deal with the case as it is. The court took... We have to take the case as it's given to us. Well, I want to go back to my hypothetical counsel. See, that's one of the privileges as an appellate judge. I can ask you these questions and this scenario on what? My scenario is, tell me what the problem would be if the court had said, Vanessa, we want you to consider the evidence that had been presented at trial to the bond hearing. That would be fine. What's the argument against that? That I think would be fine, but the court can't... So, in this case, essentially, your entire argument is they used the wrong label for what they asked the court to do by saying judicial notice. Is that correct? No, Your Honor. First of all, what the court is doing here is the court is putting itself in the mindset of both the prosecutor and the trial judge by saying, this is what everybody really meant. This is what really happened. I'm dealing with the case as it is on the record before me. We can't just assume that everybody, all these people with their law degrees, use the wrong word. Based upon your lack of experience as an appellate judge, we can assume that all the time, counsel. We seem to say it all the time, too. Sure. We can... And it's just terrible when they use the wrong term. Well, I think that that would be baseless in this case, Your Honor, when everybody relied on the same words. But let me answer your question a little bit more directly. I feel it's important to note that's not the case here. But to answer your question a little more directly, because I seem to be not doing that, if the court just gave cognizance to evidence that was presented, that would be fine. But what the court did here is take it as established fact without any adversarial testing, and also including all of its speculations, which it acknowledged weighed into its ruling. So the court can take knowledge... Going back to the bond hearing, for instance, where all this evidence was presented with your client there and with counsel there, and if I recall correctly, the defense even presented evidence contrary to the state's evidence in that hearing, did it not? I don't know the extent of the evidence that they put on. Well, it doesn't matter the extent, but clearly the defendant and his counsel had the opportunity and used it to some extent. So how is this a denial of due process? Because a bond hearing is not a sentencing hearing, and the tactical decision to go into what evidence you're going to challenge, what evidence you're going to call before you've even seen discovery, is different than what comes in a sentencing hearing. Just because there was a bond hearing doesn't mean defense counsel and the defendant permanently and forever, world without end, waived any right to challenge this evidence. They had a due process right to challenge this at sentencing if it was going to be used to aggravate his sentence. But what if the defense counsel thought there's no advantage to requiring all this testimony come out? Again, as a for instance, counsel had the state presented all the evidence at the sentencing hearing that it had presented at the bond hearing, would there be any impropriety in the state saying, I believe the court saying, I believe the state's evidence? I don't believe so. I would need to double check. You're not sure? I'm agreeing with you, your honor. Here's that evidence that says, I believe it. There's a possible impropriety. If the prosecutor reintroduced all the evidence from the bond hearing, I assume that that would be correct because it could be challenged there at the sentencing hearing. If the court said, I'd ask the court to take judicial notice of the testimony at the bond hearing, that would be fine. And then the court's ruling would still need to be constrained to those things. The court did not do that. The court went well beyond what it was asked to take judicial notice of and what was proper by factoring in why, well, I'm sure that they had enough evidence to sustain it. How are you so sure? That's why we have trials. I'm sure that the jury just dismissed it. The jury found not guilty because they think your guy did it. No, you see, if the state is permitted to present evidence of a dismissed charge at a sentencing hearing, it's entirely proper for trial court to say the state could approve this charge, isn't it? No, it's not, Your Honor. So a trial court at sentencing can't accept that evidence and draw a conclusion based upon the evidence that it hears at the sentencing hearing? Your Honor, the court can't make a factual finding of the truth of the allegation by judicial notice. It just can't. That's not my question, counsel. Okay. I asked at the sentencing hearing if the court hears all that evidence again. If the court hears all that evidence, Your Honor. Any impropriety in the trial court saying, I believe the witnesses the state has put on regarding the 2016 case and that the defendant committed that crime? Any impropriety in that? Uh, I think I think that that would be proper. I think that the court could say. You're not sure? Your Honor, you're asking me a question. I'm answering it right off the bat. Does it have the right to make a determination of whom it believes when it hears evidence at sentencing hearing? I believe that that's that's very likely to be the case. I would need to check again. I didn't brief that case, so I'm answering off the top of my head. That's my key question. It appears to me if all that would be proper. And frankly, I don't think there's an argument that it wouldn't be. Then it seems to me that your entire argument is they use the wrong term. It's judicial notice. And if they had called, asked to consider the evidence instead of taking judicial notice, you'd have no case, would you? Your Honor, you're creating a world in which everybody got that word wrong. You're you're you're all good. Why? I don't understand. I don't understand what the basis for the courts assumption is that they all use the wrong words and that we have to deal with. If the prosecution says we would like to take judicial notice of it, that means that the defense doesn't have. The defense can't really challenge it. If the court changes its ruling on that judicial notice, it changes the procedural posture for what can be contested. It changes what issues are available on review and everything else. Excuse me, but by the by defense attorney's response when the court made this inquiry, did he not acquiesce to the procedure that was going to be moved forward? Wasn't it an consent that in lieu of live testimony that this was going to be permissible? It was. Absolutely. I believe that implication is clear, Your Honor. But but that comes up against two problems, if I may. If if you claim it's air, counsel invites this air. Now, I know you've argued you think that there needs to be that affirmative action. But when the state makes the statement it makes and talks about judicial notice and the court looks to counsel and asks for a response and he provides this, is he not agreeing with the process and the framework by which that evidence is going to be considered? Well, Your Honor, this court is the one that said that that's not good enough in Childress. They said there's no such thing as affirmative acquiescence, right? There has to be an explicit invitation, not an implicit. That's the word you use. That's it's a strong tool on the appellate review that didn't occur here. But more importantly, even if we say that this procedure, even if we say this procedure was invited, let's take that. Let's take that hypothetical. That did not invite the court to rely on its speculations about why the why the state dismissed the evidence, why the jury found to be not guilty. All of these things that couldn't the court's speculations about why the jury found not guilty is not challengeable. And that's my question, counsel, on why that matters. You emphasize it repeatedly, but you can't tell us why it matters. Is the court's musing about the acquittal? Well, because there's no there's no substantive basis that can be reviewed on on on appeal for the matter, what the trial court said in sentencing your client, musing about why Harris was acquitted. Well, he could be as first of all, didn't use on it. He used it as as as a substantive portion of his ruling for the sentence. And we have to be able to first of all, it has to be able to be challenged in the trial court. We have to be able to review that in the appellate court and musing about the speculation of 12 other people is not a basis that we can review. Let me change it. How is it prejudicial to your client that he was musing about Harris's acquittal? Well, this is a due process violation. First of all, it's a constitutional violation. And it's on the state to prove harmlessness beyond a reasonable doubt that it didn't affect. I'm asking you to tell me how it's prejudicial to your client that the court was musing about Harris's acquittal because it weighed into the court sentence. Your honor, the court says one of my biggest considerations is what occurred in that other case, which I'm accepting to be true based on what I believe the jury decided that that's explicitly. I think twice said one of the biggest considerations on your sentencing is because you did all these things, not because there's allegations of it that I took through judicial notice, but because I have made a finding that you did all of these things. And that's why it would have to be beyond if the court enhanced the sentence by a single day based on that improper sentence, then the court can't, the state can't demonstrate harmless error here beyond a reasonable doubt because it's a constitutional violation. So that's the prejudice because I think the record is clear that that sentence was enhanced because of the court's musings, speculation, naked guesswork. And again, there's a reason we sever these trials, right, your honor, because the evidence admissible against Harris may not have been admissible against Samuel Skinner. The state may have had other reasons. Yes, the court, dismisses the charges for the plea agreement, but many things factor into that, including the strength of the evidence, whether all the evidence would have been admissible against Skinner. So none of that admissibility of evidence was ever even litigated by Harris, by Skinner's attorneys. I've asked you a lot of questions. Your time is up, but I will give you another couple of minutes. If there were some other things you wanted to say that you haven't opportunity to say, and of course you have a chance in rebuttal as well. Sure. I appreciate that, your honor. Just reviewing my notes. I mean, again, it sounds like we're all in agreement that judicial notice can only be applied to very, very narrow things. I don't need to spend a lot of time on that because we all seem to know that the problem here is that the problem, just like in Rivers, just like in Dempsey, the trial court relied on things that were outside of the record that were not capable of appellate review, not capable of being challenged by the defense attorney. And many of those things were outside even what was implicitly agreed to because they came out for the first time in the court's ruling. So they couldn't have been invited. They couldn't have been waived and they were outside of the record. And therefore they were improper under People v. Rivers, under Dameron, under Dempsey, under all the cases that we briefed. Samuel couldn't cross these things that left the judge to do with the ability to do what Illinois law forbids. He made his own determinations about disputed facts without adversarial testing, which is what Dameron and Rivers prohibit. Now, as I said, we're asking this court remand for a new sentencing, but even short of that, this court can just reduce the sentence to something more reasonable. Again, this was 15 grams. This was just enough to barely qualify as class one sentencing. His criminal history elevated that to a class X. But if we take out the improperly noticed evidence here, the improperly judicial notice, which again is what everybody said happened, if we take that out, we're nowhere near 20 years. I think a sentence closer to eight or 10 years even would be significant and substantial for this offense. So we're asking the court to either remand the case for sentencing in front of a judge who just didn't sit on Harris's trial, that's all we're asking, or reduce the sentence outright. If there's other questions, I will speak to you again in a few minutes. Thank you. Okay. Thank you, counsel. Mr. Manchin? Please, the court, counsel. The defendant's reliance on the rules about judicial notice are irrelevant. Under the rule of evidence 1101B3, the rules of evidence simply do not apply at sentencing. So the restrictions and limitations for what you can take judicial notice of simply do not apply in this case. So I think Justice Steigman, you have it right proper that they just used the wrong language in having the court take cognizance of facts that were proven at a trial. And those facts are public record that can be proved simply by just looking at a transcript of that trial. Or in the case of the bond hearing, there's a matter of public record as a part of this case. That's clearly something the court can consider. The information that the judge considered, regardless of the title given to how he took notice of it, was simply facts regarding the defendant's activities, criminal activities in a case involving a co-defendant. And that evidence is clearly admissible and proper at sentencing. And just because the wrong title may have been used does not create error. The fact that the court used or speculated as to why the co-defendant was acquitted played no part in the court's determination of the defendant's length of sentence. The court looked at the defendant's criminal conduct in this other case and used that as the basis for his sentence. The defendant had made a point at the sentencing hearing of saying, basically, I've turned over a new leaf and I'm not going to commit a new crime. And the trial judge simply said, hey, look, while you were awaiting trial on this case, which at that time you faced a life sentence, you committed another crime. That does not show that you've turned over a new leaf. That is what the trial court used this information from the co-defendant's trial for, to show that, hey, the defendant has not turned over his new leaf, that he is likely to commit other offenses, that his rehabilitative potential is poor because he cannot keep from committing a crime, even while out on bond, waiting trial on a offense for which he faces a life sentence. So there was simply no error in either the court's consideration of the evidence or in the use of the term judicial notice for taking, for relying on that information, because the information that he considered was evidence or information that would be admissible at a sentencing hearing, and the fact that they used the wrong title is just simply irrelevant. With respect to the waiver, this is a case where I think the defendant has acquiesced. This is more than, excuse me, passive acquiescence, because he said, we discussed this as to whether we were presenting live testimony or judicial notice, and when he doesn't object, he is agreeing to the use of the quote-unquote judicial notice. So there was simply no error, let alone a due process error. If the court has no other questions, I will stand on my brief. Well, I see that, Mr. Manchin, so thank you. Mr. Waller, you have an opportunity to rebuttal, but let me ask as you begin, what about Mr. Manchin's reference to the rules of evidence, rule of evidence 1101 provides that the formal rules of evidence do not apply in a sentencing proceeding. Why doesn't that mean that the title incorrectly used, first by the prosecutor misleading the trial court, and I'm always sympathetic with trial courts who have been misled by lawyers like that, the title that the prosecutor used for asking the trial court to this evidence, namely judicial notice, was wrong, but doesn't matter because it's not the formal rules of evidence that apply, and especially in a case like this, where, as we discussed earlier, there'd be no error at all if the prosecutor had used the correct term and said, judge, we'd like you to consider the evidence presented at the Harris trial and at the bond hearing. So address that in the context of the federal or the state rule of evidence 1101. Sure, your honor, happy to. If 1101B3 meant that we don't have to pay attention to the constraints on judicial notice, then all of the cases that we've both discussed are baseless, Rivers, Dameron, MC, none of these, they're all based on the improper use of judicial notice at sentencing. If it's loosey-goosey, wild west, do whatever you want with judicial notice at sentencing, then all of the Supreme Court's decisions on this case, on these issues, were baseless, and they're all wrong. No, there's a difference, and the difference is, what I'm talking about is, and that's why I began my questioning this way, had a different term been by the state, there'd be no question about the propriety of the trial courts considering that evidence. But the prosecutor said, take judicial notice of it, which is the wrong term, and therefore you're arguing that this is, the trial court is improperly considering the evidence it heard. Your honor, my sympathies are with defendant and defense counsel who are likely to do this as judicial notice, and so they're not even able to marshal the correct responses to what this imaginary world that this court is positing, where the prosecutor didn't even intend to say judicial notice. We don't know that that's the case. That's as much wild speculation as a trial court engaged in. Was the defense counsel confused as to what the prosecutor was asking the court to consider? I don't know, your honor, because I deal with the Wait a minute. This is far beyond what we agreed judicial notice is rather limited, not all of this factual stuff. Did he say that? They said it in the motion to reconsider sentence, which is the first time. I'm trying to answer your question, your honor. You're right. They didn't say it while it was occurring because the court was in the middle of announcing its ruling at that point, and then as we know under Dameron, Dameron says it's not forfeiture or waiver if you bring it up in the motion to reconsider sentence, and then at that point, the defense counsel absolutely said these were improper under judicial notice. The court didn't then go back and say, I didn't take judicial notice. I didn't. I considered it. That was never the response. Waiver and invitation was never raised by the state at the motion to reconsider. Everybody took this as judicial notice. That's the world that we're litigating here, and it was proper for defense counsel to raise it for the first time in the motion to reconsider under Dameron, and it requires reversal under Dameron. So that's why this loosey-goosey rule of evidence, I understand we relax a lot of the rules of evidence, but we don't throw them out completely at sentencing hearing. Again, otherwise Rivers, Dameron, Dempsey, all these cases that both of us cited would be baseless here. And I would ask the court also to again review R-775 and 7-7ths to dispute what Mr. Manchin was saying about the court's suppositions about why the jury made his decisions didn't really weigh into it. I mean, the court says, I heard the jury acquitted Mr. Harris. The inference I took from the way the evidence was presented in that case was one of the reasons they may have acquitted him was he plausible ability to argue the jury was not his car. Okay, he had a plausible ability to argue that. That means it's a contested fact and it can't be judicially noticed. And I have to hold firm to the line that we can't assume that the court did anything but take all this as judicial notice. There's nothing in the record to support that assumption. And so I don't believe that an incision by this court should turn on that type of assumption that's not on the record. Everybody took this as judicial notice and you can't judicially notice these types of speculations and assumptions, et cetera. So again, we're asking that the court remand it for a new clean sentencing hearing. If the prosecutor wants to come in and say, take all notice of what occurred. We don't have to drag all these witnesses. Take notice of what occurred at the bond hearing. Then defense counsel can say, well, there's some evidence I didn't bring it at the bond hearing. I'd better do it now. Or I didn't cross people at the bond hearing for tactical reasons because I hadn't seen discovery yet. So I'm going to get into it now. That's the way this needs to happen. That's the way it happens 10,000 times a year in all these other courts we see. So we ask the court remand it so that due process can be approached. Yes, Your Honor. If I may, I want to follow up on Justice Leonard. Couldn't hear you. Can you hear me now? Absolutely. Okay. I want to follow up on a comment you made earlier and I want to make sure that I understood it correctly when you were arguing. You seem to indicate that defense counsel could not have objected to the request judicial notice. I don't, if that's what I said, I'm not sure that I actually meant that. But the procedure would certainly be different. If we're not, if things are being taken under judicial notice, then it's, then the court is taking it as assumed fact, right? I just wanted to clarify your statement. Yeah. So I apologize. I forgotten the context in which I said that. So I have a harder time clarifying it now. But if they had used another word than judicial notice, counsel could have responded correctly. The court may have been an opportunity to explain itself. But when they say judicial notice, then the court's taking these things as facts. And again, the court announced that it took these things as judicial notice when giving its ruling. So the first opportunity counsel had to say, whoa, whoa, whoa, that's well beyond what I asked this court to invite or asked, invited implicitly or explicitly. The first opportunity they had to do that was the motion to reconsider sentence. So it was preserved there. It's preserved here. Nobody invited, nobody wanted the court to take these speculations and guesswork as judicially noticeable facts that could support a sentence of 20 years. Thank you. If there are no other questions, again, we think a reasonable reduction, even cutting in half would be more time than he's ever served in prison before. But any kind of reduction would be appreciated or send it back so that we can protect his due process rights. Thank you very much. Thank you, counsel. The court will take this matter in advisement if you're in decision in due course.